JS - 6   LINK: 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6161 GAF (DTBx) | Date | December 5, 2012 |
|---|---|---|---|
| Title | Erma Marshall et al v. Dan Z Bochner et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     (In Chambers)

### ORDER RE: MOTION TO DISMISS

### I.
### INTRODUCTION

     This action arises out of a loan transaction in which Plaintiffs borrowed funds to purchase new grounds and facilities for their religious congregation. Among other things, Plaintiffs James Marshall and Erma Marshall contend that they were fraudulently induced to put up their personal residence as collateral to secure repayment of the loan and assert that Defendants have sold the property in foreclosure proceedings. Defendant Dan Z. Bochner now moves to dismiss the claims brought against him in Plaintiffs' First Amended Complaint ("FAC").

### II.
### BACKGROUND

     Plaintiffs James and Erma Marshall are Chairman and Head Deaconess, respectively, of Mt. Zion Missionary Baptist Church ("Mt. Zion"). (Docket No. 13, [First Am. Compl. ("FAC")] ¶ 2.) Plaintiffs allege that Defendant Bochner is a "real estate 'hard money' lender" who employed Defendant DeArmas, and that Defendant Reliable conducted the foreclosure sale of the Marshall's residence. (Id. ¶ 5, 6.)

     On or about October 2005, Mt. Zion desired a new church facility, finding a suitable property at 1895 Del Rosa Avenue, San Bernardino, CA 92404. (Id. ¶ 9.) To accomplish that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6161 GAF (DTBx) | Date | December 5, 2012 |
|---|---|---|---|
| Title | Erma Marshall et al v. Dan Z Bochner et al | | |

objective, Mt. Zion's Board of Directors secured a $1.4 million loan from Bochner. (Id. ¶ 10.) Bochner and DeArmas sought as collateral, in addition to the new church property, the residences of the Marshalls, Riley J. Miller, and Floyd Thomas - all church officials. (Id. ¶ 11.) Plaintiffs allege that Bochner and DeArmas conspired, and somehow managed, to fraudulently induce the Marshalls to execute a deed of trust conveying a beneficial interest in their residences in favor of the lenders without Plaintiffs' knowledge. (Id. ¶ 13.)

Plaintiffs filed their FAC on October 16, 2012, bringing federal claims under RICO and various California statutory and common law claims. Plaintiffs filed their FAC following Bochner's motion to dismiss Plaintiffs' Complaint. Plaintiffs did not respond to Bochner's motion to dismiss Plaintiffs' Complaint, but instead filed their FAC approximately six weeks after Bochner's motion, without seeking leave from either Bochner or the Court. Bochner's motion was subsequently granted with leave to amend. (Docket No. 12, [10/18/12 Order].) Bochner now moves to dismiss Plaintiffs' FAC. (Docket No. 14, [Mot. to Dismiss ("Mem.")].) Plaintiffs have again failed to file an opposition.

As discussed in greater detail below, Plaintiffs cannot base a RICO claim on a single business transaction no matter how egregious the purported behavior of the named defendants. RICO requires an ongoing structure and a pattern of unlawful activity in the form of at least two predicate acts, none of which is present in this case. Accordingly, as discussed in greater detail below, the RICO claims are **DISMISSED with prejudice** and the California statutory and common law claims are **DISMISSED without prejudice**.

**III.
DISCUSSION**

**A. PLAINTIFF'S FAILURE TO OPPOSE THE MOTION**

Plaintiffs have failed to oppose Defendants' motion to dismiss. Under this judicial district's Local Rules, the Court may treat Plaintiff's non-opposition as consent to the granting of the motion. See C.D. Cal. R. 7-9, 7-12. However, in the interest of creating a complete record, the Court addresses the merits of the motion.

**B. LEGAL STANDARDS UNDER RULE 12(B)(6)**

A complaint may be dismissed if it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6161 GAF (DTBx) | Date | December 5, 2012 |
|---|---|---|---|
| Title | Erma Marshall et al v. Dan Z Bochner et al | | |

and construe them "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007). Dismissal under Rule 12(b)(6) may be based on either (1) a lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. Id. at 1950.

A complaint generally need not contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation, alteration, and internal quotations omitted). Similarly, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). That is, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 129 S. Ct. at 1949–50; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

**C. APPLICATION**

**1. PLAINTIFFS' CIVIL RICO CLAIM**

RICO grants a private right of action to "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter." 18 U.S.C. § 1964(c). Section 1962, in turn, contains four subsections which make it unlawful to: (a) invest income derived from a pattern of racketeering activity in an "enterprise," as defined by § 1961; (b) acquire or maintain an interest in an enterprise through a pattern of racketeering activity; (c) conduct the affairs of an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6161 GAF (DTBx) | Date | December 5, 2012 |
|---|---|---|---|
| Title | Erma Marshall et al v. Dan Z Bochner et al | | |

enterprise through a pattern of racketeering activity; or (d) conspire to commit any of the above acts. 18 U.S.C. § 1962.

Plaintiffs' complaint is ambiguous as to the RICO theory: the cause of action is described as a "RICO conspiracy" under 18 U.S.C. § 1962(d), but the cover page of the FAC indicates that it contains a claim for a violation of 11 U.S.C. 1962(c)[1] - a direct violation of RICO. The Court will analyze both §§ 1962(c) and 1962(d).

### a. Direct RICO

"The elements of a civil RICO claim are simple enough: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir.1996). Bochner argues that Plaintiffs have failed to satisfy the second, third, and fourth elements. (Mem. at 8-12.) These are the identical elements that Bochner challenged in his motion to dismiss the original complaint. (See Docket No. 7; 10/18/12 Order.) Despite the Court's comprehensive 10/18/12 Order, which was intended to provide guidance to Plaintiffs in amending the complaint, Plaintiffs have failed to correct the shortcomings of this claim.

Regarding the second element, Plaintiffs argue an "associated-in-fact" enterprise. (FAC ¶ 50.) The Supreme Court has articulated that "an associated-in-fact enterprise is 'a group of persons associated together for a common purpose of engaging in a course of conduct,'" and in order "[t]o establish the existence of such an enterprise, a plaintiff must provide both 'evidence of an ongoing organization, formal or informal,' and 'evidence that the various associates function as a continuing unit.'" Odom v. Microsoft Corp., 486 F.3d 541, 552 (9th Cir. 2007) (quoting United States v. Turkette, 452 U.S. 576, 583 (1981) "An ongoing organization is 'a vehicle for the commission of two or more predicate crimes.'" Odom, 486 F.3d at 552 (quoting United States v. Cagnina, 697 F.2d 915, 921 (11th Cir. 1983)). An "ongoing organization" requirement precludes isolated activities. Id. at 553.

Regarding the third and fourth elements, a "'pattern of racketeering activity' requires at least two acts of racketeering activity . . . ." 18 U.S.C § 1961. As the Supreme Court has held, "to prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239 (1989). The Ninth Circuit has "found no case in which a court has held the [continuity] requirement to be satisfied by a

---

[1] This section does not exist in the United States Code - clearly Plaintiffs meant 18 U.S.C 1962(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6161 GAF (DTBx) | Date | December 5, 2012 |
|---|---|---|---|
| Title | Erma Marshall et al v. Dan Z Bochner et al | | |

pattern of activity lasting less than a year. A pattern of activity lasting only a few months does not reflect the 'long term criminal conduct' to which RICO was intended to apply." Religious Technology Center v. Wollersheim, 971 F.2d 364, 366-367 (9th Cir. 1992).

Bochner argues that "Plaintiffs' First Amended Complaint . . . wholly fails to plead facts suggestive of an 'enterprise.'" (Mem. at 12.) Bochner is correct. Plaintiffs continue to allege only that Defendants "formed an association-in-fact for the purpose of defrauding the Plaintiffs . . . . The association-in-fact was an 'enterprise' within the meaning of RICO 18 U.S.C. § 1961(4) . . . ." (FAC ¶ 50.) Plaintiffs' conclusory assertions, which amount at most to an allegation that the defendants conspired to defraud them, falls far short of describing an ongoing RICO enterprise, even one described as an association-in-fact. Plaintiffs fail to put forth any facts to demonstrate the existence of any organization that was "ongoing" or that the various associates, Bochner, DeArmas, and Reliable function as a continuing unit. Furthermore, an ongoing organization within the meaning of RICO is one that is a vehicle for committing two or more predicate acts, and, as analyzed below, Plaintiff has not sufficiently alleged two or more predicate acts.

Bochner argues that Plaintiffs fail to sufficiently state any predicate acts in their FAC. (Mem. at 9.) Again, Bochner is correct. Plaintiffs state that "[t]he first predicate act was the initial usurious loan whereby defendants obtained money and control of the Marshall real property by false pretenses through telephone, mail and internet fraud violated 18 U.S.C. §§ 891-894." (FAC ¶ 54.) The rambling nature of this allegation aside, the problem here is that the loan was between Mt. Zion and Bochner, and any claims for usury resulting from that loan were already settled in a prior bankruptcy litigation. (See Mem. at 9; Docket No. 14-1, [Request for Judicial Notice ("RJN")], Exs. D-E.)[2] This settlement was between Bochner and Mt. Zion's bankruptcy trustee, and was approved by the bankruptcy court. (RJN Ex. E.) The Court is aware of no authority for the proposition that a settled claim constitutes a predicate act. See Howard v. America Online, Inc., 208 F.3d 741, 748 (9th Cir. 2000) ("Citing acts as a part of a

---

[2] The Court takes judicial notice, pursuant to Federal Rule of Evidence 201, of the documents requested by Bochner because all are matters of public record. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) ("under Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record'"). Moreover, the Court may properly consider judicially noticeable documents on a motion to dismiss, without converting the motion to a motion for summary judgment. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003); Lee, 250 F.3d 668 at 689. Although the Court may not take judicial notice of any disputed facts stated in the documents, Lee, 250 F.3d at 688–90, here, Plaintiffs do not dispute the documents in any way.

JS - 6  **LINK: 14**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6161 GAF (DTBx) | Date | December 5, 2012 |
|---|---|---|---|
| Title | Erma Marshall et al v. Dan Z Bochner et al | | |

RICO pattern, without proving that they are indictable, is not sufficient.")[3] FAC ¶ 54 also appears to state a predicate act for mail and/or wire fraud, but such a bare statement cannot meet the pleading standards for fraud under Fed. R. Civ. Proc. 9(b).[4] Plaintiffs have not even alleged receiving anything through the phone, mail, or internet from the Defendants. Plaintiffs remaining predicate acts involve the following:

> The second predicate act alleged by Plaintiffs' [sic] was Defendant Bochner's attempt to enforce the settlement agreement he entered into with Christopher Barclay, chapter 11 trustee for Mt. Zion's bankruptcy estate which also violated 18 U.S.C. §§ 891-894. Plaintiff avers BOCHNER engaged in a scheme to obtain and did obtain money from Plaintiff by falsely and fraudulently representing that the settlement agreement was binding on the Plaintiff's [sic] although he was well aware they did not sign the Bochner/Barclay settlement agreement which specifically provided that it did not affect the rights of the MARSHALLS and MT. ZION as set forth in the first paragraph and paragraphs 5.a., and 7 of the settlement agreement which violated 18 U.S.C. §§ 891-894. A third predicate act occurred when BOCHNER and RELIABLE TRUST DEED SERVICES foreclosed on the Del Rosa real property in reliance on the Bochner/Barclay settlement agreement that was not enforceable against MT. ZION because it did not sign the agreement. A fourth predicate act was committed by BOCHNER after he foreclosed on the Del Rosa real property. From July 16, 2010 continuing to January 25, 2011 defendant maintained a fraudulent and false lien against the MARSHALL real property

---

[3] Plaintiffs' FAC states that "the Chapter 11 trustee [did not] have the authority to bind the Marshalls [or] Mt. Zion." (FAC ¶ 41.) Plaintiffs give no basis for this assertion, but in any event the sole borrower under the loan was Mt. Zion, (RJN Ex. D), and its claim was settled by the bankruptcy trustee. Plaintiffs also put forth no argument as to how the Marshalls have an independent claim for usury, apart from Mt. Zion.

[4] A plaintiff "must state with particularity the circumstances constituting fraud," but can allege generally "[m]alice, intent, knowledge, and other conditions of a person's mind." Fed. R. Civ. Proc. 9(b). The particularity requirement "has been interpreted to mean the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." Miscellaneous Serv. Workers, Drivers & Helpers, Teamsters Local No. 427 v. Philco-Ford Corp., 661 F.2d 776, 782 (9th Cir. 1981). Further, where there are multiple defendants, "Rule 9(b) does not allow a complaint to . . . lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant." Destfino v. Reiswig, 630 F.3d 952, 958 (9th Cir. 2011) (citation and internal quotation marks omitted). Rule 9(b) is applicable to RICO predicate acts. See Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988) ("The allegations of predicate acts in the complaint concerning those elements of RICO are entirely general; no specifics of time, place, or nature of the alleged communications are pleaded. This is a fatal defect under Fed.R.Civ.P. 9(b), which requires that circumstances constituting fraud be stated with particularity.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6161 GAF (DTBx) | Date | December 5, 2012 |
|---|---|---|---|
| Title | Erma Marshall et al v. Dan Z Bochner et al | | |

without right and in an effort to surreptitiously foreclose on the MARSHALL residence.

(FAC ¶ 54.) These allegations, as Bochner notes, "make no sense." (Mem. at 10.) 18 U.S.C. § 1961(1) lists the specific acts that constitute racketeering activity; aside from making assertions of usury, a claim that has already been settled, Plaintiffs make no effort to state any of the listed predicate acts or predicate statutory provisions, nor do they plead fraud with Fed. R. Civ. Proc. 9(b) particularity.[5] In any event Plaintiffs have certainly failed to allege anything approaching a pattern, let alone one that "amount[s] to or pose[s] a threat of continued criminal activity." H.J. Inc., 492 U.S. at 239.

### b. RICO Conspiracy

"At the pleading stage, a plaintiff claiming a RICO conspiracy must allege that the defendant knew about and agreed to facilitate conduct that violated RICO." Arch Ins. Co. v. Allegiant Prof'l Bus. Servs., 2012 U.S. Dist. LEXIS 56605 at *26 (C.D. Cal. Apr. 23, 2012). Although "[a] RICO conspiracy presupposes the existence of a substantive violation of RICO, . . . "a conspirator may be liable even if he does not commit or agree to commit 'the two or more predicate acts requisite to the underlying offense.'" Myers v. Encore Credit, 2012 U.S. Dist. LEXIS 141873, at *26-27 (E.D. Cal. Sept. 30, 2012) In order to establish a RICO conspiracy claim, "Plaintiffs must allege either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses." Howard v. America Online, Inc., 208 F.3d 741, 751 (9th Cir. 2000). However, "Plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO." (Id.).

As noted above, Plaintiffs clearly failed to adequately plead a substantive RICO violation. Plaintiffs have done nothing more than conclusorily asserted the elements of RICO and a number of acts that do not qualify as predicate acts. Plaintiffs further assert that "Bochner and the other Conspirators each were associated with the enterprise and agreed and conspired to violate 18 U.S.C. § 1962(c) . . . ." (FAC ¶ 53.) But merely stating the required elements for a RICO claim falls short of setting forth what "Defendants are actually alleged to have done to meet those elements." Quach v. Cross, 2004 U.S. Dist. LEXIS 28982 at * 8 (C.D. Cal. Apr. 7, 2004). The RICO allegations are therefore insufficient to support a RICO conspiracy claim.

---

[5] Furthermore, as Bochner makes clear, Bochner was successful in an action against Mt. Zion for unlawful detainer in San Bernardino County Superior Court. (RJN Ex. B.) It is thus unclear why Plaintiffs believe the foreclosure of the Mt. Zion property was improper, let alone why it amounts to a predicate RICO act.

JS - 6    LINK: 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6161 GAF (DTBx) | Date | December 5, 2012 |
|---|---|---|---|
| Title | Erma Marshall et al v. Dan Z Bochner et al | | |

### *c. Remaining Defendants*

Plaintiffs have pleaded their RICO claims against Bochner, DeArmas, and Reliable. Reliable and DeArmas did not join in the motion to dismiss now before the Court and have not independently moved to dismiss. In fact Bochner was the only defendant served, see FAC proof of service. However, "[a] court may dismiss a claim sua sponte pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted." Penney v. Wells Fargo Bank, NA, 2012 U.S. Dist. LEXIS 78794, at *42-43 (C.D. Cal. June 6, 2012) (citing Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981); see also Macawile v. Pro30 Funding, 2012 U.S. Dist. LEXIS 98539, at *10-11 (E.D. Cal. July 13, 2012) (dismissing claims sua sponte for failure to state a claim against defendants who did not move to dismiss.)

The Court finds that although Bochner was the only defendant to bring a motion to dismiss, this claim is not only deficient as it applies to Bochner, but is deficient as it applies to all defendants against whom it is alleged.

### *d. Conclusion*

Plaintiffs have not properly alleged either a direct civil RICO claim or a civil RICO conspiracy claim. Accordingly, Plaintiffs' RICO claims are **DISMISSED with prejudice.**

### 2. PLAINTIFFS' STATE CLAIMS

The Court has dismissed Plaintiffs' only federal claims. This case was before the Court solely on federal question jurisdiction. Plaintiffs' remaining claims are premised on California state common and statutory law. The Court has only supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a), and will therefore **DISMISS** them **without prejudice**, pursuant to § 1367(c)(3).

JS - 6     **LINK: 14**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-6161 GAF (DTBx) | Date | December 5, 2012 |
|---|---|---|---|
| Title | Erma Marshall et al v. Dan Z Bochner et al | | |

**IV.
CONCLUSION**

    Based on the foregoing discussion, the motion to dismiss filed by Bochner is **GRANTED**. Plaintiffs' RICO claims are **DISMISSED with prejudice** and Plaintiffs' state claims are **DISMISSED without prejudice**. The hearing presently scheduled for December 17, 2012 is hereby **VACATED**.

    **IT IS SO ORDERED.**